```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

COBY E. UMSTED,                    )
                                   )
            Plaintiff,             )
                                   )
                                   )   Case No. CIV-19-222-KEW
                                   )
COMMISSIONER OF THE SOCIAL         )
SECURITY ADMINISTRATION,           )
                                   )
            Defendant.             )
```

## OPINION AND ORDER

Plaintiff Coby E. Umsted (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 46 years old at the time of the ALJ's decision. He has a tenth to eleventh grade education and worked in the past as a sales associate, a restaurant worker or busser, and a prep cook. Claimant alleges an inability to work beginning on August 10, 2013, due to limitations resulting from chronic obstructive pulmonary disease (COPD), depression, and post-traumatic stress disorder (PTSD).

### Procedural History

On October 5, 2016, Claimant protectively filed an application for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and

for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. The claims were denied initially and upon reconsideration. On September 25, 2018, ALJ Jodi Levine conducted a video hearing from Oklahoma City, Oklahoma. Claimant participated from Ada, Oklahoma. On June 14, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on June 19, 2019, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Claimant initially raised two points of error, including 1) the ALJ erroneously ignored and rejected the opinion of consulting psychologist Christopher Campbell, Ph.D., and 2) the ALJ's decision was not based on substantial evidence because the Defendant failed to provide a complete record for the Court's review. After Claimant filed his opening brief, Defendant supplemented the record with a complete administrative hearing

4

transcript. *See* Docket Entry # 15. Based upon the filing of the supplemental transcript, Claimant is no longer pursuing his second point of error.

**Consideration of Consulting Psychologist's Opinion**

In her decision, the ALJ found Claimant suffered from severe impairments of COPD and PTSD. (Tr. 18). She determined Claimant could perform light work with additional limitations. Claimant could never climb ladders, ropes, or scaffolds, but he could occasionally climb stairs and crawl. He was to avoid all exposure to temperature extremes, fumes, odors, dusts, gases, humidity, poor ventilation, unprotected heights, and dangerous, moving machinery. Claimant could understand, remember, and perform simple and detailed instructions and have occasional interaction with the public. (Tr. 20).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of routing clerk, collator operator, and office helper, all of which she found existed in sufficient numbers in the national economy. (Tr. 26). As a result, the ALJ concluded Claimant had not been under a disability from August 10, 2013, through the date of the decision. (Tr. 27).

Claimant contends the ALJ improperly ignored and rejected opinions from consulting psychologist, Dr. Campbell, who evaluated Claimant on June 19, 2017, during Claimant's inpatient treatment

5

at Rolling Hills Psychiatric Hospital for suicidal and homicidal thoughts. Upon examination, Dr. Campbell noted Claimant was "slightly disheveled in dress, groom[ing], and presentation." Claimant was alert and oriented to person, place, time, and event. He appeared to be at least of average intelligence and had an adequate fund of information. He presented with "a sad mood and calm affect." His thought process "was clear, coherent, and linear." His thought content was appropriate, and he did not display or report a history of delusions or hallucinations. Claimant's judgment appeared practical, insight was average, and he did not display or report problems with impulse control. Dr. Campbell diagnosed Claimant with PTSD, major depressive disorder (recurrent, severe), and alcohol use disorder (severe, in early remission, by history).

Listed under the section in the report of "Conclusions & Recommendations," Dr. Campbell stated Claimant's "current mental health prognosis is poor as his PTSD and depressive symptoms are reportedly increasing and causing significant impairments in social, emotional, and behavioral functioning." He believed Claimant would benefit from continued use of anti-depressant medication, cognitive-behavioral therapy for PTSD, and participation in a community-based organization such as Alcoholics Anonymous. Dr. Campbell noted Claimant needed someone to assist him with his finances and business affairs. Regarding Claimant's

6

functioning, Dr. Campbell concluded: "Mr. Umsted appears capable of understanding, remembering, and managing instructions and tasks. He does not appear capable of adequate social/emotional adjustment in occupational and social settings, and he does not seem able to sustain work-related mental activity at this time." (Tr. 756-60).

The ALJ discussed Dr. Campbell's evaluation of Claimant in the decision. She noted his findings on examination and that "while the [C]laimant had a worsening of his symptoms resulting in hospitalization in June of 2017, he likewise underwent a psychological consultative examination during this time which showed his mental functioning was grossly intact." The ALJ concluded the results of Dr. Campbell's examination were "further supportive of the sufficiency of the mental [RFC]." (Tr. 23-24). The ALJ did not expressly address Dr. Campbell's conclusions that Claimant did not appear capable of adequate social/emotional adjustment in occupational and social settings and did not seem able to sustain work-related mental activity at that time.

Defendant contends that although the ALJ did not expressly address Dr. Campbell's limitations, she made the overall conclusion that his findings did not warrant the inclusion of additional limitations in the RFC. Defendant argues that both state agency psychological consultants considered Dr. Campbell's examination and did not find that Claimant was incapable of

7

adjusting to a work setting or sustaining work-related mental activity. The ALJ afforded these opinions substantial weight. (Tr. 24).

The opinions of the reviewing state agency psychologists reveal that even though they considered Dr. Campbell's examination, they did not specifically include his conclusions regarding Claimant's functioning in their summary of the evidence. Moreover, although they did determine Claimant could adapt to a work situation, they also determined Claimant had marked limitations in his ability to interact appropriately with the public, including in the mental RFC explanation that "Claimant can relate to others on a superficial work basis, but not the general public." (Tr. 93-96, 99-100, 115-18).

The ALJ must evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. Rul. 96-6p, 1996 WL 374180 (1996). An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

In her decision, the ALJ did not discuss Dr. Campbell's opinions or explain the weight given to his opinions. His opinion regarding Claimant's social functioning is not contrary to the

mental RFC of the state agency psychologists, who also found Claimant exhibited limitations in social functioning. The ALJ only included a limitation in the RFC for occasional interaction with the public. (Tr. 20). On remand, the ALJ shall evaluate Dr. Campbell's opinions, and she should include any further limitations in the RFC that are supported by the evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 29th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE